UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>Plaintiff,<br><br>v.<br><br>SELECT STAFFING, et al.,<br><br>Defendants. | No. 2:18-cv-1866-TLN-GGH<br><br><br><br>ORDER |

Plaintiff filed his pro se compliant on July 2, 2018, ECF No. 1, along with a motion to proceed in forma pauperis. ECF No. 2. The court granted the in forma pauperis motion on July 13, 2018 and, recognizing plaintiff's stated intent to amend his complaint which he only filed to avoid the statute of limitations, ECF No. 1 at 1:23-25, granted him 45 days to file an amended complaint. ECF No. 3. Plaintiff filed his First Amended Complaint on August 17, 2018. ECF No. 4. This Order addresses that amendment

Plaintiff's central claim focuses on what he calls his "Suit At-Law, At the Common Law and the Constitution." ECF No. 3 at 1:18-19. Plaintiff alleges he was employed through defendant Select Staffing ["Select"] to a six month temporary contract to perform work for defendant Costco Wholesale Meats ["Costco"], that he worked under that contract for a year and

////

a half and then was terminated without any pretermination hearing.[1]  Id. at 2-3.  This assertion seems to assert a right to due process under some common law principle, but in order to bring it to federal court he would have to do so under 42 U.S.C. section 1983 (state actors) or Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) (federal actors) which provides the jurisdictional vehicle for vindication of the rights granted by the federal Constitution from infringement by actions of government officials, not private employers.  Therefore, while plaintiff argues that under his common law rights theory *any* person or entity that infringes on his employment rights or expectation is subject to prosecution in this court, the governing law does not agree.  Plaintiff relies upon cases interpreting employment rights as enforceable in federal courts but, on the whole, these cases are no longer controlling law.  For instance, he relies on Adair v. United States, 208 U.S. 172 (1907), Coppage v. Kansas, 236 U.S. 1 (1915), to support his contention that he has a common law right enforceable in federal court regarding his contractual employment relationship.  But in that "there is no greater limitation in denying [the employer] the power to discriminate in hiring, than in discharging" *quoting* the lower court's decision in the case and noting that the passage of the National Labor Relations Act had led to the sapping of these and other prior employment cases of their authority.  Phelps Dodge Corp. v. N.L.R.B., 313 U.S. 177, 187 (1941.)  And in Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 615 (9th Cir. 1979), a claim much like the one plaintiff attempts to plead here was rejected when the court found that "an allegation of incompatibility between federal and state statutes and regulations does not, in itself give rise to a claim 'secured by the Constitution."  Thus the court found that in federal court "a civil action must be both 'authorized by law' and brought to redress the deprivation of rights 'secured by the Constitution of the United States or by any Act of Congress providing for equal rights."  Id. at 618.[2]  The foregoing claim does not meet that requirement.  He

---

[1] These "facts" have to be inferred since plaintiff, when speaking of his "contract" does not state with whom he contracted – Select or Costco -- nor does he describe the terms of any such contract or attach a copy of it to his complaint.

[2] Plaintiff also cites to Ramirez v. Fox Televisin Station, Inc., 998 F.2d 743 (9th Cir. 1993) which he interprets to hold that California's at will employment policy violates the constitutional and civil rights of workers but which actually stands for the proposition that California's law would be preempted if it conflicted with a federally recognized union employment contract term.

may, however, have claims under other theories adverted to, but not fleshed out, in his First Amended Complaint.

In other portions of his complaint plaintiff does, albeit in skeletal terms, raise federal statutory authority for the challenges he brings. In addressing a pro se complaint the federal district courts have been instructed to apply a less stringent standard in assessing the pleadings of pro se litigants as it brings to those brought by attorneys. In the ordinary course, courts dismiss complaints where there is either "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1960). When analyzing the sufficiency of a complaint the court generally accepts as true the allegations made, construes the pleading as favorably as possible, and resolves all doubts in the pleader's favor. Lazy Y Ranch LTD v. Berens, 546 F.3d 580, 588 (9th Cir. 2008). In sum, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a charged party is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard requires the plaintiff to show more than a sheer possibility that the defendant has acted unlawfully. Id. at 662; Twombly, supra, at 556. A complaint must, therefore, go beyond mere labels and conclusions or a formulaic recitation of the lements of a cause of action. See Twombly, supra, at 555. Thus a court may "ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations" when assessing the sufficiency of a complaint. Farm Credit Service v. American State Bank, 339 F.3d 764, 767 (8th Cir. 2003). If, however, the complaint may be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990). When the plaintiff is proceeding in pro se, such leave is even more freely given as the Supreme Court has held that it must "appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" before the complaint is dismissed without leave to amend. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). In applying the standard and permitting

amendment the court intends to convey no view on the merits of the claim, but rather to assure that plaintiff has had the opportunity to offer proof of the to establish a claim with merit.

A.   *Age Discrimination in Employment*

On page 3 of his Amended Complaint plaintiff raises the Age Discrimination in Employment Act, the purpose of which is to "prohibit arbitrary age discrimination in employment. 29 U.S.C. § 621(b) et seq. He returns to the subject at page 5, line 26 through page 6, line 16, where he states that after working satisfactorily for 18 months under a 6 month employment contract he attempted to make a claim to be hired as a permanent employee, questioning whether it was legal to continue to work under the temporary contract for that extended period of time, and was threatened with termination for bringing it up. ECF No. 4 at 3:24-4:4. While plaintiff couches his discussion in the "common law right to contract his labor," for which there is no federal claim as stated above, he may well have a claim under the Age Discrimination in Employment Act if he chooses to plead it properly, insofar as he also states that he saw no one working in his job classification in his age category, id. at 5:24-6:3, at least suggesting that older workers are closed out of the full-time employment opportunities by Costco.[3]

*B.   Retaliation Claim*

In his retaliation claim, id. at 6:17-7:19, plaintiff again relies on his common-law right, he seems to suggest that he had and entitlement to be hired full-time having proved his competence at the position he had worked on a temporary basis, and claims there is a federal labor law rule regarding the duration of temporary contracts that he does not further identify. The retaliation addressed is his allegation that Costco then lodged a false allegation against him to justify his termination and then unsuccessfully fought his claim for unemployment benefits in a further retaliatory effort.   The court expresses no opinion as to whether plaintiff can plead a claim under this theory but will afford him to opportunity to attempt to do so.

---

[3]  Plaintiff states that he filed a complaint with the Equal Opportunity Employment Commission and at some time was given a right to sue letter by the Commission, id. 2:26-3:8, but he is not specific as to his allegations and also states he hasn't heard from the Commission in the last 5 months. 4:12-13.

4

C.  *Amending the Complaint*

Applying the standards discussed above, this court will dismiss plaintiff's First Amended Complaint with leave to file a Second Amended Complaint that meets the standards and conforms to the pleading rules found in the Federal Rules of Civil Procedure. Thus, in proffering his Amendment, if he is able, plaintiff is directed to conform to the dictates of Federal Rule of Civil Procedure 8 which requires that the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The plaintiff should also acquire the Local Rules of this Court so that he knows when and how various documents are to be handled. They are also available from the same sources.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

(affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") *citing* 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed with leave to amend in conformity to the instructions provided above within 45 days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: September 3, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE