UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>Plaintiff,<br><br>v.<br><br>SELECT STAFFING; COSTCO WHOLESALE MEATS,<br><br>Defendants. | No. 2:18-cv-1866 TLN DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff William Whitsitt is proceeding in this action pro se and in forma pauperis. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On October 30, 2019, the undersigned ordered plaintiff to supply the U.S. Marshall with the documents necessary to serve defendants with process and to file a statement confirming submission of the necessary documents within twenty-one days. (ECF No. 10 at 2.) Plaintiff was cautioned that failure to timely comply could result in a recommendation that this action be dismissed. (Id. at 4.)

    Plaintiff was also issued a letter that same day advising plaintiff that Rule 4 of the Federal Rules of Civil Procedures provides that if a defendant is not served within 90 days, the court must dismiss the defendant without prejudice. (ECF No. 11.) Plaintiff, however, did not respond to the October 30, 2019 order in any manner and no defendant has appeared in this action.

1

1    Accordingly, on March 26, 2020, the undersigned issued an order to show cause as to why
2 this action should not be dismissed for lack of prosecution. (ECF No. 13.) Plaintiff was ordered
3 to show cause in writing within twenty-eight days. The twenty-eight-day period has expired and
4 plaintiff has not responded in any manner.

## ANALYSIS

6    The factors to be weighed in determining whether to dismiss a case for lack of prosecution
7 are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need
8 to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring
9 disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of
10 El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.
11 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that
12 should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d
13 at 1260.

14    Failure of a party to comply with the any order of the court "may be grounds for
15 imposition by the Court of any and all sanctions authorized by statute or Rule or within the
16 inherent power of the Court." Local Rule 110. Any individual representing himself or herself
17 without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local
18 Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable
19 rules and law may be grounds for dismissal or any other sanction appropriate under the Local
20 Rules. Id.

21    Here, plaintiff failed to comply with multiple orders of this court. Plaintiff was given
22 multiple opportunities to demonstrate an intent to prosecute this action and has failed to do so. In
23 this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary
24 sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's
25 need to manage its docket, and the risk of prejudice to the defendant all support the imposition of
26 the sanction of dismissal. Only the public policy favoring disposition on the merits counsels
27 against dismissal. However, plaintiff's failure to prosecute the action in any way makes
28 disposition on the merits an impossibility. The undersigned will therefore recommend that this

action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the Court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's June 19, 2019 second amended complaint (ECF No. 9) be dismissed without prejudice; and

2.  This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 22, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/whitsitt1866.dlop.f&rs

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4